UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAULINE MOSS RODOCK** | : | **DOCKET NO. 17-cv-824** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **BRAD POMMIER, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction, Improper Venue, and Insufficient Service of Process [doc. 7] filed by defendant Brad Pommier ("Pommier")[1] in response to the civil action [doc. 1] filed by Pauline Moss Rodock. In response Rodock has filed both an amended complaint [doc. 12] and an opposition [doc. 13] to the Motion to Dismiss.

For reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. 7] be **GRANTED IN PART** and **DENIED IN PART**, and that this matter be stayed pending the resolution of state court proceedings. It is also **RECOMMENDED** that Rodock's request for a hearing [doc. 13] on her claims for injunctive relief and Motion for Writ of Habeas Corpus [doc. 2] be **DENIED AS MOOT.** Finally, it is **RECOMMENDED** that the Motions to Dismiss for Improper Venue and Insufficient Service of Process [doc. 7] be **DENIED**.

---

[1] Rodock lists a "John Doe" in her caption, but only identifies Pommier as a defendant. *See* doc. 12, pp. 1–2.

# I.
## BACKGROUND

Through her amended complaint Rodock states that a child ("J.P.") was born to herself and Pommier in October 2001, and that she and Pommier married the following year. Doc. 12, p. 2. In 2004 Rodock filed for and received a temporary restraining order against Pommier in the 30th Judicial District Court, Vernon Parish, Louisiana, based on allegations of abuse. Doc. 1, att. 2, pp. 1–11. After a hearing, Rodock received an order for protection from the same court against Pommier from August 2004 through February 2006. *Id.* at 12–16. Rodock states that a final divorce and custody decree was entered in 2005. Doc. 12, p. 2.

In 2008 Rodock petitioned for sole custody of J.P., which the state court denied. Doc. 1, att. 2, pp. 17–18. She states that she petitioned the court for relocation in 2011, based on her marriage to a military officer on active duty, and that after protracted negotiations she and Pommier reached an agreement on visitation and custody, which the court approved. Doc. 12, p. 3; *see* doc. 1, att. 2, pp. 19–20 (stipulated judgment).

Rodock now alleges that on November 24, 2016, while J.P. was completing court-ordered visitation with Pommier, Pommier informed her that J.P. would not be returning. Doc. 12, pp. 3–4. She alleges various instances of bad conduct by Pommier in the months that followed, and contends that he continues to withhold custody of J.P. in violation of the 2011 custody decree. *Id.* at 3–8. Accordingly, she now brings claims for monetary damages against Pommier under 42 U.S.C. § 1983 and the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, in addition to numerous state law causes of action and federal criminal statute 18 U.S.C. § 242. *Id.* at 10–11, 13–15. She also seeks temporary and permanent injunctive relief. *Id.* at 12.

Pommier filed the instant Motions to Dismiss before the amended complaint was submitted. Here he alleges that the matter should be dismissed for lack of subject matter jurisdiction, improper venue, and insufficient service of process. Doc. 7. Rodock has also filed an opposition to the motions and requests a hearing on her requests for injunctive relief. Doc. 13.

## II.
### LAW & ANALYSIS

#### A. *Subject Matter Jurisdiction*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The party asserting jurisdiction bears the burden of establishing that it exists. *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). Rodock claims that federal jurisdiction exists under 28 U.S.C. § 1331 (federal question) and § 1332 (diversity of citizenship). Doc. 12, p. 1. Pommier challenges the existence of either basis of jurisdiction, argues that the domestic relations exception bars this court from considering the case, and also contends that abstention is required under *Younger v. Harris*, 91 S.Ct. 746 (1971).

#### 1. *Existence of a basis for federal jurisdiction*

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 549–50 (2014) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 97 S.Ct. 568 (1977)). "The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." *St. Paul Indemnity Co. v. Red Cab. Co.*, 58 S.Ct. 586,

590 (1938). Instead, "[i]t must appear to a legal certainty" that the case is really for less than the jurisdictional amount in order to justify dismissal. *Id.*

Rodock asserts that she is a resident of South Carolina and that Pommier, her sole defendant, is a resident of Louisiana. Doc. 12, p. 1. Pommier does not dispute these allegations. Accordingly, the requirement of complete diversity is met. Rodock also asserts that she is entitled to damages in the amount "$200,000 per violation with a daily rate of $500 per day per violation" for each day J.P. is "missing" from her. Doc. 12, p. 15. Without passing judgment on the plausibility of Rodock's calculations, we cannot find to a legal certainty that the amount in controversy is below $75,000 in this matter or that Rodock's amount in controversy allegations were made in bad faith. Accordingly, she has met her burden of showing the existence of jurisdiction under 28 U.S.C. § 1332 and we need not consider the existence of a federal question in this matter.

### 2. *Domestic relations exception*

It is long established that domestic relations are the province of the state courts. *See, e.g.*, *Ex Parte Burrus*, 10 S.Ct. 850, 853–54 (1890). Thus the domestic relations exception bars federal courts from issuing or modifying a decree for divorce, alimony, or child custody. *Saloom v. Texas Dep't of Family and Child Protective Svcs.*, 578 Fed. App'x 426, 429–30 (5th Cir. 2014) (citing *Ankenbrandt v. Richards*, 112 S.Ct. 2206 (1992)). However, as an exception to a federal jurisdiction, the domestic relations exception is to be read narrowly. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 386 n. 2 (5th Cir. 2001) (citing *Ankenbrandt*, 112 S.Ct. at 2215). As the Fifth Circuit explained,

> The decisive factor is not the formal label attached to the claim (tort, contract, etc.), but the type of determination that the federal court must make in order to resolve the case. If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have,

> how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case. On the other hand, if the court need only decide whether an already-set custody or child support award has been complied with, or whether the parties have committed acts that would be actionable even if everyone involved was unrelated, then the federal courts should retain the case.

*Swain v. McIntosh*, 18 F.Supp.3d 799, 803 (S.D. Miss. 2013) (quoting *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987)).

Here Rodock is not requesting modification the state court's orders under her current claims. *See* doc. 12. Rather, her claims hinge on "whether an already-set custody . . . award has been complied with." *Swain*, 18 F.Supp.3d at 803. Accordingly, the domestic relations exception does not divest us of jurisdiction over this suit.

### 3. *Younger abstention*

When a federal court has jurisdiction over an action, its "obligation to hear and decide a case is virtually unflagging." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 591 (2013) (quotations omitted). However, the court must abstain from exercising its jurisdiction under *Younger v. Harris*, 91 S.Ct. 746 (1971), in cases requiring interference in ongoing state proceedings under three exceptional circumstances: (1) state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Publ. Serv., Inc. v. Council of City of New Orleans*, 109 S.Ct. 2506, 2518 (1989). Where a case falls into one of these categories, abstention is warranted if the following three conditions are met: (1) the dispute involves an ongoing state judicial proceeding, (2) an important state interest is implicated in the subject matter of the proceeding, and (3) the state proceeding affords the plaintiff

with an adequate opportunity to raise a constitutional challenge.[2] *M.D. v. Perry*, 799 F.Supp.2d 712, 716 (S.D. Tex. 2011) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 102 S.Ct. 2515 (1982)).

Even where all of the above criteria are satisfied, *Younger* only applies to claims for declaratory or injunctive relief. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994); *Rowley v. Wilson*, 200 Fed. App'x 274, 275 (5th Cir. 2006). Thus, where *Younger* applies to a case containing claims for monetary relief, "the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 Fed. App'x 517, 519 (5th Cir. 2014) (citing *Deakins v. Monaghan*, 108 S.Ct. 523 (1988)).

Rodock argues that *Younger* abstention is inapplicable, based on a procedural order from a case in the District of Maine ordering the parties to prepare for a hearing on subject matter jurisdiction. *See* doc. 12, att. 1, pp. 1–2. A review of that case, however, shows that it has little persuasive value to this matter. Although it was also a suit between parents arising from a contentious custody dispute and the federal court retained jurisdiction up to the entry of a default judgment, we cannot locate any explicit application of *Younger* in the unsealed filings. *Malenko v. Handrahan*, No. 2:11-cv-250 (D. Me. Oct. 24, 2012). Additionally, the court's default judgment only ruled on the merits as to the plaintiff's claims for negligence, intentional infliction of emotional distress, and defamation, through which it appears that the plaintiff sought only monetary damages and not injunctive relief. *Id.* at doc. 70. The court also recognized that

---

[2] The court may disregard *Younger* under certain extraordinary circumstances: when (1) the state court proceeding **was brought** in bad faith or with the purpose of harassing the plaintiff; (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it;" or (3) application of the doctrine is waived. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (2004) (quoting *Younger*, 91 S.Ct. at 754–55) (emphasis added). Rodock has not argued any of these exceptions, and our review of the record finds no basis for applying them.

remaining claims "necessarily overlap[ped] with ongoing family court proceedings" and that "the spirit of federal-state comity requires this Court [to] abstain from rulings that might inadvertently impact ongoing state custody proceedings." Accordingly, *Malenko* does not provide any support for disregarding *Younger* as to the claims for injunctive relief in this case.

Rodock's claims are inextricably linked with her child custody proceedings in Louisiana state court. Therefore this case fits into the third exceptional category of *Younger* abstention. *See, e.g.*, *Machetta v. Moren*, 2017 WL 2805192, *5 (S.D. Tex. Apr. 13, 2017). Here Pommier's exhibits show multiple judgments from the state courts. *See* doc. 7, att. 3. He states that J.P. is currently in his custody pursuant to an interim order, and that a hearing was set in the state district court for August 9, 2017. Doc. 7, att. 2, p. 2. Though Rodock denies that the interim order is still in effect, she does not contest that a hearing in this matter was set in the state district court for August 2017, well after she filed her original complaint on June 27, 2017. Doc. 13, p. 3; *see* doc. 1. Therefore this matter involves an ongoing state judicial proceeding, in satisfaction of *Younger*'s first condition. As the object of Rodock's request for injunctive relief and the subject of the state proceedings is the custody of a minor child, *Younger*'s second condition is also clearly met. *See Moore v. Sims*, 99 S.Ct. 2371, 2383 (1979) ("Family relations are a traditional area of state concern."); *Wilson v. York*, 2017 WL 1196219, *2 (S.D. Tex. Mar. 31, 2017) (complaints relating to divorce proceedings involve family relations and therefore "clearly [satisfy] the 'important state interests' requirement").

Finally, it is the plaintiff's burden to show inadequate opportunity to raise constitutional challenges in the state court proceedings. *Machetta*, 2017 WL 2805192 at *6. "State courts are competent to review violations of federal constitutional law." *Id.* (quotation omitted). Any displeasure Rodock might have with the way her claims have been resolved thus far in state court

is unavailing under this factor, as "*Younger* only requires that there is an *opportunity* to raise constitutional challenges." *Id.* (quoting *Rickhoff v. Willing*, 457 Fed. App'x 355, 359 (5th Cir. 2012)) (emphasis added in *Machetta*). If she does not achieve the result she wishes through the state trial court and appellate system on any constitutional claims, she may file an application for writ of certiorari to the United States Supreme Court. *Id.* (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

Rodock does not carry her burden under the third factor and this court should abstain under *Younger* from reviewing her claims for injunctive relief based on her pending child custody dispute. Accordingly, her request for a hearing [doc. 13] and motion for writ of habeas corpus [doc. 2] should be denied as moot. Likewise, her claims for monetary relief should be stayed pending final resolution of the state proceedings.

### B. Improper Venue

When venue is challenged, it is the plaintiff's burden to establish that he has chosen the proper judicial district for filing suit. *Fugate v. Gautreaux*, 2016 WL 8716459, *2 (W.D. La. Jul. 29, 2016). Here Pommier's venue challenge is merely a restatement of his argument that this court lacks jurisdiction to entertain complaints relating to an ongoing state child custody proceeding. Doc. 7, att. 1, p. 3. We have already determined that these arguments only bar us from considering the claims for injunctive relief under *Younger*. Nevertheless, we conduct a cursory review of venue now to determine if this is the proper forum for the suit.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

Pommier does not contest that he is a resident of this judicial district.[3] Although Rodock lists a John Doe defendant, she does not raise claims against any party other than Pommier in this action or provide any information about this John Doe's identity or residence. *See* docs. 1, 12. Accordingly, it appears that venue in this district is proper under § 1391(b)(1). Furthermore, this suit centers on a custody dispute governed by proceedings in Vernon Parish, Louisiana. As both Pommier's residence and the state court at issue are within this judicial district, venue would also be proper under § 1391(b)(2). Accordingly, the Motion to Dismiss based on improper venue should be denied.

### C. *Insufficient Service of Process*

Finally, Pommier alleges that he was not served with "a complete copy of the [c]omplaint." Doc. 7, att. 1, p. 4. Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, an action may be dismissed based on insufficient service of process. *Quinn v. Miller*, 470 Fed. App'x 321, 323 (5th Cir. 2012). It is the burden of the party making service to demonstrate the validity of service when an objection is made. *Id.* (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). The fact that a party is proceeding *pro se* does not excuse him from compliance with "relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Under the Federal Rules of Civil Procedure, "[a] summons must be **served** with a copy of the complaint" and it is the plaintiff's responsibility for ensuring that both are served within the

---

[3] Pommier lists his address as being in Rayne, Acadia Parish, Louisiana, which is within the geographic boundaries of the Western District of Louisiana. *See* doc. 11. Rodock alleges that he is a resident of Crowley, Louisiana. Doc. 12, p. 1. However, Crowley is also within Acadia Parish and the geographic boundaries of the Western District of Louisiana, and so this discrepancy has no impact on venue.

time limits set out under Rule 4(m). FED. R. CIV. P. 4(c)(1) (emphasis added). By Pommier's exhibits, it appears that he was served only with the summons and notice documents authored by the clerk of court, and not with a copy of the complaint.[4] Doc. 7, att. 1, p. 4; *see* doc. 7, att. 3, pp. 59–63. However, the time limit for service under Rule 4(m) is "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). In this matter the complaint was filed on June 27, 2017, and the motions to dismiss on August 3, 2017. *See* docs. 1, 7. Accordingly, dismissal for insufficient service is premature and the motion should be denied.

### III.
#### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. 7] be **GRANTED IN PART** and **DENIED IN PART**, that the claims for injunctive relief be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under *Younger*, and that the claims for monetary relief be stayed pending resolution of the parties' custody proceedings. It is also **RECOMMENDED** that Rodock's request for a hearing [doc. 13] on her claims for injunctive relief and Motion for Writ of Habeas Corpus [doc. 2] be **DENIED AS MOOT**. Finally, it is **RECOMMENDED** that the Motions to Dismiss for Improper Venue and Insufficient Service of Process [doc. 7] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

---

[4] Rodock asserts that she "not only served [Pommier] properly as shown in the service of returns, but also mailed the copy of the service of returns and complaint with tracking as shown in exhibit Z." Doc. 13, p. 4. However, there are no attachments to her response and the only Exhibit Z we can locate in any of her filings is a series of screen shots of text messages between Pommier and Rodock. *See* doc. 12, att. 1, pp. 3–4. Furthermore, mailing the complaint to Pommier would not fulfill Rule 4(c)(1)'s requirement that a copy of the complaint be served on him. Rodock also maintains that she has a "record proving service on the day indicated on the return summons executed in Complaint." Doc. 13, p. 4. However, she does not provide any such record and the proof of service does not indicate that a copy of the complaint was also served. She also argues that Pommier has waived the issue by responding to her complaint, but Pommier's only response to date is the instant motions to dismiss. Accordingly, this argument is without merit.

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE