UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| PAULINE MOSS RODOCK | * | CIVIL ACTION NO. 2:17-CV-824 |
|---|---|---|
| | * | |
| v. | * | |
| | * | JUDGE DONALD E. WALTER |
| BRAD POMMIER, ET AL. | * | |
| | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

**********************************************************************

## MEMORANDUM RULING & ORDER

For the reasons stated in the Report and Recommendation (Rec. Doc. 16) of the Magistrate Judge previously filed herein, after an independent review of the record, a *de novo* determination of the issues, and consideration of the objections (Rec. Docs. 18, 19), the Court concludes that the Magistrate Judge's Report and Recommendation is correct and adopts the findings and conclusions therein as its own. In this memorandum ruling, the Court addresses the objections and clarifies the ruling on the motion for insufficient service of process.

Plaintiff Pauline Moss Rodock's ("Rodock") sole objection to the Report and Recommendation is that the Younger abstention does not apply in this case because the Supreme Court stated in Middlesex County Ethics Committee. v. Garden State Bar Association that Younger only applies in cases of a criminal nature. Rec. Doc. 18, pp. 2-3 (citing, 457 U.S. 423 (1982)). Middlesex does not so limit the application of Younger. See Middlesex, 457 U.S. at 432 ("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved."). The Magistrate Judge correctly applied Younger to the facts of this case; therefore, the Court wholly rejects Rodock's sole objection.

Defendant Brad Pommier ("Pommier") filed a response to Rodock's objection and further raised two, untimely objections, based on evidence obtained after the issuance of the Report and

Recommendation. Federal Rule of Civil Procedure 72(b) provides parties with fourteen days to file written objections to the proposed findings and recommendations. If a party files objections, the opposing party may respond thereto within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). Fourteen days after Rodock filed her objection, and twenty-seven days after the issuance of the Report and Recommendation, Pommier filed, in a single filing, both his response to Rodock's objection and his own objections to the Report and Recommendation. Rec. Doc. 19. Thus, his response to Pommier's objection was timely, but his own objections were not. Given that both parties are proceeding *pro se*, the Court advises the parties that they must comply with both the Federal Rules of Civil Procedure and the Local Rules of this Court.

Notwithstanding the untimeliness of Pommier's objections, the Court notes that neither is availing. First, Pommier submits newly obtained evidence which he asserts is proof that Rodock's claims have no merit. Rec. Doc. 19, p. 2. However, the merits of this case are outside of the scope of the instant motion to dismiss for lack of subject matter jurisdiction, improper venue, and insufficient service of process. The merits of this case are not currently before the Court.

Second, Pommier claims that this new evidence, regarding an Interim Order in the parties' state court custody proceedings, implicates the Rooker-Feldman doctrine, which requires dismissal of Rodock's claims. Id. at p. 3. Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction to hear collateral attacks on state court judgments. United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994). This doctrine applies to state court final judgments, not state court orders. See Burciaga v. Deutsche Bank Nat'l Trust Co., 871 F.3d 380, 385 (5th Cir. 2017). The Interim Order at issue is not a final judgment. See Transcript (Rec. Doc. 19-1, p. 6) (referencing that the child custody case is not resolved). Accordingly, the Rooker-Feldman doctrine does not apply.

2

Finally, the Court notes that the Report and Recommendation recommends denying as premature Pommier's motion to dismiss based on insufficient service of process. Rec. Doc. 16, p. 10. The Court agrees with the Magistrate Judge's analysis and recommendation at the time of its issuance. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Pommier's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 7) is **GRANTED IN PART** and **DENIED IN PART**; the claims for injunctive relief are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and the claims for monetary relief are **STAYED** pending resolution of the parties' child custody proceedings.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rodock's request for a hearing (Rec. Doc. 13) on her claims for injunctive relief and Motion for Writ of Habeas Corpus (Rec. Doc. 2) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Pommier's Motions to Dismiss for Improper Venue and Insufficient Service of Process (Rec. Doc. 7) are **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of December, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE