UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAULINE MOSS RODOCK** | : | **DOCKET NO. 2:17-cv-00824** |
| **VERSUS** | : | **JUDGE DAVID C. JOSEPH** |
| **BRAD POMMIER, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

This Report and Recommendation is being issued *sua sponte* and in furtherance of our continuing duty to assure ourselves that we enjoy subject matter jurisdiction over the plaintiff's claim. *See McDonal v. Abbott Labs*., 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction sua sponte")).

For reasons detailed below,

**IT IS RECOMMENDED** that this matter be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Plaintiff, a resident of South Carolina, filed this action against Brad Pommier, a resident of Louisiana. Doc. 1. This lawsuit appears to be the last of an ongoing battle between these litigants and their child who is now an adult. For a history of the controversy between the two, see *Rodock v. Pommier*, 225 So.3d 512 (La. App. 3d Cir. 2017). For a more complete explanation of these proceedings see the Memorandum Order filed September 30, 2020. Doc. 42.

As we note in the above mentioned Memorandum Order, we had previously issued a recommendation to the district court that plaintiff's claims for injunctive relief by dismissed pursuant to the *Younger* abstention doctrine and that claims for monetary relief be stayed pending

resolution of the parties custody proceedings. Doc. 42, p. 1, referencing Report and Recommendation at doc. 16, adopted by the district court at doc. 22. On April 15, 2020, the district court ordered plaintiff to advise the court no later than June 30, 2020, of the resolution of the state court matter. Doc. 33, p. 2. In response to the court's order plaintiff filed a document that stated "[t]he state case in reference to the ORDER has been concluded with an active "Notice of Appeal."" Doc. 37, p. 1. The stay previously issued by the district court was lifted September 22, 2020. Doc. 41.

Also in her response to the court's request for status of the state court proceeding, plaintiff asked the court to take judicial notice of a monetary award given in the amount of $3,800 with $1,288 in interest. Doc. 37, p. 4. That information prompted our issuance of the Memorandum Order referenced above allowing plaintiff thirty days within which to file a statement in support of her claim that the amount in controversy does exceed $75,000, which would support her claim that we enjoyed subject matter jurisdiction, and to provide supporting documentation. Doc. 42. No response was filed.

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). It is the burden of the party seeking to invoke federal diversity jurisdiction has the burden to prove the amount in controversy exceeds $75,000.00. *Garcia v. Koch Oil Co. of Tex.*, 351 F3d 636, 638-39 (5th Cir. 2003). Despite being given amble opportunity to do so, plaintiff has failed to show that the amount in controversy exceeds $75,000 so, therefore, has failed to establish diversity jurisdiction.

For the reasons stated,

**IT IS RECOMMENDED** plaintiff's claim for monetary damage be dismissed without prejudice as we lack subject matter jurisdiction to consider that claim.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428–20 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)), *as recognized in Cruz v. Rodriguez*, 828 F. App'x 224, 2020 WL 6478502 (5th Cir. 2020) (unpubl.).

THUS DONE AND SIGNED in Chambers this 22nd day of April, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE